Jewett v. Klein.

JEWETT, RECEIVER of The Erie Railway Company, appellant, and KLEIN, respondent.

*Held*, in this case, under the circumstances, that a person who, in passing from the depot to the train he was about to take, was obliged to cross an intervening track, was not guilty of contributory negligence, in that he did not, before approaching the train, look up or down the track to see whether there was danger from an approaching train, and in that he approached the train diagonally from the platform of the station, and before his train had come to a full stop.

*Mr. R. Wayne Parker*, for appellant.

*Mr. Moore*, for respondent.

The opinion of the court was delivered by

DALRIMPLE, J.

The facts material to a decision of this case are fully and clearly stated in the opinion of the Vice-Chancellor. 11 *C. E. Green* 474. It is not, therefore, necessary to repeat them here. The ground of appeal is that the decision below is erroneous, because the plaintiff was guilty of contributory negligence on his part. No other point seemed to be much

relied on or discussed in this court. It was insisted that the plaintiff was negligent in that he did not, before approaching the passenger train which he was about to take, look up or down the track to see whether there was .danger from an approaching train, and in that he approached the passenger train diagonally from the platform of the station, and before the passenger train had come to a full stop. It seems to me that in none of these particulars can it justly be said that the plaintiff was negligent. Upon the arrival of the train which he was about to take, at the station at which he was waiting for it, he approached it in the usual and ordinary manner, so as to be ready to get on board as soon as permitted to do so after it had stopped. He was not bound to take the very shortest route from the platform of the station to that of the nearest or any other car of the train on which he desired to take passage, nor was he bound to look to see whether another train was approaching, or wait, before crossing the easterly track, till the passenger train had come to a full stop; because he was fully warranted, under the circumstances, in believing that no train would, at that time, pass over the track which he was obliged to cross in order to take one of the regular passenger trains of the road; and it might not be going too far to say that if he had looked, and had observed an approaching train on the easterly track, he would have been fully warranted in proceeding on his way across the track to the passenger train, upon the reasonable supposition that the approaching train would stop before it reached a point opposite the passenger train. The company had provided no way of approach to the passenger train, except by crossing, on a level, the eastern track of the railroad, and, in my opinion, a passenger was fully justified in concluding that he would be safe from harm from a train on the track which he was thus obliged to cross in order to secure his passage. The company had, in effect, assured him that he would, at that time, be safe in going in the usual way from the station to the passenger train. Acting on such assurance, this plaintiff did no more or less than ordinarily prudent and careful

persons do almost every day, under like circumstances, and may be expected and have a right to do. The principles applicable to this case, and to that of a traveler over the public highway crossing a railroad on the same level, are quite different.

I have said that the only point much discussed by the appellant in this court, was the plaintiff's negligence. It is true that it was alleged among the appellant's points filed, that no negligence on the part of the defendant was proved, and that point was suggested in argument, though I do not understand that it was much pressed or relied on. However that may have been, I only think it necessary to state, in answer to such point, that the plaintiff was injured by a locomotive attached to a freight train which was driven over the track which the plaintiff was, at the time of the injury complained of, crossing, in order to take a regular passenger train then at the station. If driving a train of cars at such place, and under such circumstances, does not constitute gross negligence, it would seem to be somewhat difficult to imagine what circumstances would render a railroad company liable for negligence in running down a passenger about to get on board a train at a railroad station. There is no error in the decree below, and it must be affirmed, with costs.

The case of Jewett, appellant, v. Mary Klein, respondent, was argued together with the case above decided. The result in both cases is the same, and for the same reason.

Decree unanimously affirmed.